## The Pittsburgh Plate Glass Co. *v.* Fravel.

(Decided February 14, 1929.)

*Mr. Edward Kibler* and *Messrs. Morrow & Morrow,* for plaintiff in error.

*Messrs. Watson, Davis & Joseph,* for defendant in error.

Sherick, J. This case comes into this court on petition in error from the court of common pleas. The parties herein stand in the same position as they did in the trial court.

The pertinent facts are as follows: The plaintiff in error, the Pittsburgh Plate Glass Company, in the months of June and July, 1926, sold and delivered building supplies, to wit, copper and glass, to one Linn, who was principal contractor for the defendant

in error, Clarence O. Fravel. The materials were being used in the improvement of certain real estate belonging to the defendant in error, located in the village of Pataskala. This action is brought to recover the sale price of such materials, less certain credits thereon.

It is conceded by counsel that but two questions are before this court in this instance, and were the only errors complained of, argued, and presented to this court; they being the legal interpretation to be placed upon two certain letters that were offered and admitted in evidence, and the claim that the trial court erred in sustaining the motion of the defendant in error for a directed verdict at the conclusion of the case of the plaintiff in error.

It appears that upon the 8th day of September, 1926, plaintiff in error directed a certain letter from its Columbus office to the Fravel Hardware Company at Pataskala. This letter recites that it has learned of certain difficulties existing between the builder and the principal contractor. This letter further sets forth the following: ''I would like to make this request which will protect us, if you would care to enter into an agreement with us. We have lien rights on a job of this nature, but under the circumstances we do not want to exercise this right, all we would like to have you do is to make sure that we are protected, and when you settle with Mr. Linn see that we have received our money, and that proper receipt from us has been given, or you have Mr. Linn get a receipt from us which you can recognize as being correct before you make a final settlement with him * * *.'' On the next day, September 9, 1926, the defendant in error replied as fol-

lows: "Your letter of the 8th to hand and attached to this letter of ours to you and in regard same the writer will say to you that he will see that you receive your money all right and that I will stand good for it as I have held back quite a little of what I am owing Mr. Linn pending the outcome of our difficulties." These letters were exchanged before the expiration of the fifty-nine days required by Section 8314 of the General Code.

We are led to the unanimous opinion that the first letter is but an invitation to the defendant in error that the plaintiff in error was willing to forego a legal right, to wit, to perfect a mechanic's lien upon the property of the defendant in error. The second letter, to our notion, is an unqualified promise or guaranty, in writing, to answer for the debt of another, the contractor, Linn, upon which promise the plaintiff in error had a right to rely, and upon which it did rely, causing it to forego its legal right of perfecting a mechanic's lien.

We are of the opinion that the trial court erred in its conclusion that the second letter was not an unqualified promise or guaranty, and in sustaining the motion of the defendant in error for an instructed verdict. This motion should have been overruled.

The trial court will, therefore, be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and HOUCK, J., concur.